# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARIA VICTORIA FERRER,
CHARLES LISEE, MIYA SHANI HOOKS

        Plaintiff,

v.

DETROIT CLUB MANAGEMENT
CORP d/b/a THE DETROIT CLUB,
SUZETTE DAYE, and LYNN URALLI,
jointly and severally,

        Defendants.

Case No. 22-CV-11427
Hon. Linda V. Parker
Magistrate Judge Kimberly G. Altman

| SCHULZ LAW PLC | GORDON REES SCULLY MANSUKHANI |
|---|---|
| Jack W. Schulz (P78078) | Gregory M. Meihn (P38939) |
| *Attorneys for Plaintiff* | Matthew T. Wise (P76794) |
| PO Box 44855 | Gordon Rees Scully Mansukhani, LLP |
| Detroit, MI 48244 | *Attorneys for Defendant* |
| (313) 246-3590 | 37000 Woodward Ave, Ste 225 |
| jackwschulz@gmail.com | Bloomfield Hills, MI 48304 |
| | gmeihn@grsm.com |
| | mwise@grsm.com |

## DEFENDANTS' ANSWERS TO PLAINTIFFS' AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Defendants, Detroit Club Management Corp., d/b/a The Detroit Club (the "Club"), Suzette Daye ("Ms. Daye") and Lynn Uralli (Ms. Uralli")(collectively, "Defendants"), through their attorneys, Gordon Rees Scully Mansukhani, and for their Answer in Opposition to Plaintiffs' Amended Complaint and Demand for Trial by Jury, state as follows:

1. Defendants object to the allegations of Paragraph 1 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). The allegations are also, in part, legal conclusions for which no response is required. Answering further, Defendants deny the

allegations of Paragraph 1 of Plaintiffs' Amended Complaint for the reason that they are untrue and defamatory.

## PARTIES

2. Defendants admit the Club previously employed Plaintiff Ferrer, but are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of Plaintiffs' Amended Complaint and leave Plaintiffs to their proofs.

3. Defendants admit the Club previously employed Plaintiff Lisee, but are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 3 of Plaintiffs' Amended Complaint and leave Plaintiffs to their proofs.

4. Defendants admit the Club previously employed Plaintiff Hooks, but are without sufficient knowledge or information to form a belief as to the allegations of Paragraph 4 of Plaintiffs' Amended Complaint and leave Plaintiffs to their proofs.

5. Defendants admit the allegations of Paragraph 5 of Plaintiffs' Amended Complaint.

6. Defendants admit that the Club employs Ms. Daye and that she was Plaintiff's supervisor.

7. Defendants admit that Ms. Uralli is the President of the Club and has supervisory control over its employees.

## JURISDICTION AND VENUE

8. Defendants deny any unlawful acts occurred and deny this Court has jurisdiction pursuant to 28 U.S.C. §1331. In further response, Defendants admit that in a proper case in which there were violations of federal statutes or laws, this Court would have subject matter jurisdiction. However, because Defendants have not violated any federal law, there is no basis

for a claim that would grant jurisdiction to this Court. Further, Plaintiffs' claims may be subject to Arbitration Agreements that would render jurisdiction improper.

9. Defendants deny any unlawful acts occurred and deny this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367. In further response, Defendants admit that in a proper case in which there were violations of state statutes or laws, this Court would have the option to exercise supplemental jurisdiction, but Defendants do not waive the same. However, because Defendants have not violated any federal law, there is no basis for a claim that would grant jurisdiction to this Court. Further, Plaintiffs' claims may be subject to Arbitration Agreements that would render jurisdiction improper.

10. Defendants admit that in a proper cause in which there were violations of the law, this Court would be a proper venue pursuant to 28 U.S.C §1391. However, Plaintiffs' claims may be subject to Arbitration Agreements that would render venue improper.

## **GENERAL ALLEGATIONS**

11. Defendants admit the allegations of Paragraph 11 of Plaintiffs' Amended Complaint.

12. Defendants deny the allegations of Paragraph 12 of Plaintiffs' Amended Complaint as untrue.

13. Defendants admit the allegations of Paragraph 13 of Plaintiffs' Amended Complaint.

14. Defendants admit that the Club is a private club, which permits members to sponsor guest access pursuant to membership terms equally applicable to all persons who use the Club.

15. Defendants admit the Club has a dress code that the same is enforced equally to all members and guests who use the Club according to the Club's policies.

16. Defendants admit that non-party Regina Peters was employed by the Club from approximately August 2017 until April 18, 2018. Defendants deny that Emre Uralli is a co-owner of the Detroit Club as untrue.

17. Defendants deny the allegations of Paragraph 17 of the Plaintiffs' Amended Complaint as untrue and defamatory.

18. Defendants deny the allegations of Paragraph 18 of the Plaintiffs' Amended Complaint as untrue and defamatory.

19. Defendants deny the allegations of Paragraph 19 of the Plaintiffs' Amended Complaint as untrue and defamatory.

20. Defendants deny the allegations of Paragraph 20 of the Plaintiffs' Amended Complaint as untrue and defamatory.

21. Defendants object to the allegations of Paragraph 21 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 21 of the Plaintiffs' Amended Complaint as untrue and defamatory.

22. Defendants deny the allegations of Paragraph 22 of the Plaintiffs' Amended Complaint as untrue and defamatory.

23. Defendants admit that non-party Regina Peters chose to voluntarily resign her at-will employment with the Club in April of 2018. Defendants deny the remaining allegations of Paragraph as untrue and defamatory.

24. Defendants admit that Plaintiff Hooks was hired by the Club in September of 2021.

25. Upon information and belief, Defendants admit the allegations of Paragraph 25 of Plaintiffs' Amended Complaint.

26. Defendants object to the allegations of Paragraph 26 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 26 of the Plaintiffs' Amended Complaint as untrue and defamatory.

27. Defendants object to the allegations of Paragraph 27 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 27 of Plaintiffs' Amended Complaint and leave Plaintiffs to their proofs.

28. Defendants object to the allegations of Paragraph 28 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 28 of the Plaintiffs' Amended Complaint as untrue and defamatory.

29. Defendants object to the allegations of Paragraph 29 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 29 of the Plaintiffs' Amended Complaint as untrue and defamatory.

30. Defendants deny the allegations of Paragraph 30 of the Plaintiffs' Amended Complaint as untrue.

31. Defendants object to the allegations of Paragraph 31 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 31 of the Plaintiffs' Amended Complaint as untrue and defamatory.

32. Defendants admit that Plaintiff Hooks was terminated for legitimate, non-discriminatory and non-retaliatory business reasons.

33. Defendants object to the allegations of Paragraph 33 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 33 of the Plaintiffs' Amended Complaint as untrue.

34. Defendants admit the allegations of Paragraph 34 of Plaintiffs' Amended Complaint.

35. Defendants deny any unlawful acts occurred. As to the specific allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 34 of Plaintiffs' Amended Complaint and leave Plaintiffs to their proofs.

36. Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations of Paragraph 36 of Plaintiffs' Amended Complaint and leave Plaintiffs to their proofs.

37. Defendants deny any unlawful acts occurred. As to the specific allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 37 of Plaintiffs' Amended Complaint and leave Plaintiffs to their proofs.

38. Defendants deny the allegations of Paragraph 38 of the Plaintiffs' Amended Complaint as untrue.

39. Defendants deny the allegations of Paragraph 39 of the Plaintiffs' Amended Complaint as untrue.

40. Defendants admit the allegations of Paragraph 40 of Plaintiffs' Amended Complaint.

41. Upon information and belief, Defendants admit the allegations of Paragraph 41 of Plaintiffs' Amended Complaint.

42. Defendants admit the allegations of Paragraph 42 of Plaintiffs' Amended Complaint.

43. Defendants deny any unlawful acts occurred. As to the specific allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 43 of Plaintiffs' Amended Complaint and leave Plaintiffs to their proofs.

44. Defendants deny the allegations of Paragraph 44 of the Plaintiffs' Amended Complaint as untrue.

45. Defendants deny the allegations of Paragraph 45 of the Plaintiffs' Amended Complaint as untrue.

46. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny any unlawful acts occurred. Defendants deny the allegations of Paragraph 46 as untrue.

47. Defendants deny any unlawful acts occurred. As to the specific allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 47 of Plaintiffs' Amended Complaint and leave Plaintiffs to their proofs.

48. Defendants deny the allegations of Paragraph 48 of the Plaintiffs' Amended Complaint as untrue.

49. Defendants object to the allegations of Paragraph 49 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 49 of the Plaintiffs' Amended Complaint as untrue.

50. Defendants object to the allegations of Paragraph 50 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 50 of the Plaintiffs' Amended Complaint as untrue as written.

51. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 51 of the Plaintiffs' Amended Complaint as untrue as written.

52. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 52 of the Plaintiffs' Amended Complaint as untrue as written.

53. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 53 of the Plaintiffs' Amended Complaint as untrue as written.

54. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 54 of the Plaintiffs' Amended Complaint as untrue as written.

55. Defendants admit the allegations of Paragraph 55 of Plaintiffs' Amended Complaint.

56. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 56 of the Plaintiffs' Amended Complaint as untrue as written.

57. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 57 of the Plaintiffs' Amended Complaint as untrue as written.

58. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 58 of the Plaintiffs' Amended Complaint as untrue as written.

59. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 59 of the Plaintiffs' Amended Complaint as untrue as written.

60. Defendants object to the allegations of Paragraph 46 of Plaintiffs' Amended Complaint as they violate Fed. R. Civ. P. 10(b). Defendants deny the allegations of Paragraph 60 of the Plaintiffs' Amended Complaint as untrue as written.

61. Defendants deny the allegations of Paragraph 61 of Plaintiff's Amended Complaint as untrue.

## COUNT I
## RETALIATION – 42 U.S.C. § 1981

62. Defendants hereby adopt and incorporate by reference their answers to Paragraphs 1 through 61 above as though fully set forth herein.

63. Defendants deny the allegations of Paragraph 63 of Plaintiffs' Amended Complaint as untrue as Plaintiffs were all "at will" employees.

64. Defendants admit the allegations of Paragraph 64 of Plaintiffs' Amended Complaint.

65. Defendants deny the allegations of Paragraph 65 of Plaintiffs' Amended Complaint as untrue.

66. Defendants deny the allegations of Paragraph 66 of Plaintiffs' Amended Complaint as untrue.

67. Defendants deny the allegations of Paragraph 67 of Plaintiffs' Amended Complaint as untrue.

68. Defendants deny the allegations of Paragraph 68 of Plaintiffs' Amended Complaint as untrue.

69. Defendants deny the allegations of Paragraph 69 of Plaintiffs' Amended Complaint as untrue as Plaintiff Lisee chose to voluntarily resign.

70. Defendants deny the allegations of Paragraph 70 of Plaintiffs' Amended Complaint as untrue.

71. Defendants deny the allegations of Paragraph 71 of Plaintiffs' Amended Complaint as untrue.

72. Defendants deny the allegations of Paragraph 72 of Plaintiffs' Amended Complaint as untrue.

73. Defendants deny the allegations of Paragraph 73 of Plaintiffs' Amended Complaint as untrue.

## COUNT II
## RETALIATION – ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et. seq.*

74. Defendants hereby adopt and incorporate by reference their answers to Paragraphs 1 through 73 above as though fully set forth herein.

75. Defendants admit that the Plaintiffs were employees of the Club.

76. Defendants deny the allegations of Paragraph 76 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these duplicative claims.

77. Defendants deny the allegations of Paragraph 77 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these duplicative claims.

78. Defendants deny the allegations of Paragraph 78 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these duplicative claims.

79. Defendants deny the allegations of Paragraph 79 of Plaintiffs' Amended Complaint as untrue as Plaintiff Lisee chose to voluntarily resign and assert that the Court should decline to exercise supplemental jurisdiction over these duplicative claims.

80. Defendants deny the allegations of Paragraph 80 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these duplicative claims.

81. Defendants deny the allegations of Paragraph 81 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these duplicative claims.

82. Defendants deny the allegations of Paragraph 82 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these duplicative claims.

**COUNT III**
**RACIAL DISCRIMINATION (HOSTILE WORK ENVIRONMENT)**
**ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101** *et. seq.*

83. Defendants hereby adopt and incorporate by reference their answers to Paragraphs 1 through 82 above as though fully set forth herein.

84. Defendants admit that the Plaintiffs were employees of the Club.

85. Upon information and belief, Defendants admit the allegations of Paragraph 85 of Plaintiffs' Amended Complaint.

86. The allegations of Paragraph 86 of Plaintiffs' Amended Complaint are a conclusion of law for which no response is required. To the extent a response is deemed necessary, Defendants admit that the ELCRA and rights thereunder speaks for itself.

87. Defendants deny the allegations of Paragraph 87 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

88. Defendants deny the allegations of Paragraph 88 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

89. Defendants deny the allegations of Paragraph 89 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

90. Defendants deny the allegations of Paragraph 90 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

91. Defendants deny the allegations of Paragraph 91 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

92. Defendants deny the allegations of Paragraph 92 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

93. Defendants deny the allegations of Paragraph 93 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

94. Defendants deny the allegations of Paragraph 94 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

95. Defendants deny the allegations of Paragraph 95 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

96. Defendants deny the allegations of Paragraph 96 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

97. Defendants deny the allegations of Paragraph 97 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

98. Defendants deny the allegations of Paragraph 98 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

99. Defendants deny the allegations of Paragraph 99 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

100. Defendants deny the allegations of Paragraph 100 of Plaintiffs' Amended Complaint as untrue and assert that the Court should decline to exercise supplemental jurisdiction over these state-law claims.

**COUNT IV**
**RACIAL DISCRIMINATION – 42 U.S.C § 1981**

101. Defendants hereby adopt and incorporate by reference their answers to Paragraph 1 through 101 above as though fully set forth herein.

102. Upon information and belief, Defendants admit the allegations of Paragraph 102 of Plaintiffs' Amended Complaint.

103. Upon information and belief, Defendants admit the allegations of Paragraph 103 of Plaintiffs' Amended Complaint.

104. Defendants deny the allegations of Paragraph 104 of Plaintiffs' Amended Complaint as untrue.

105. Defendants deny the allegations of Paragraph 105 of Plaintiffs' Amended Complaint as untrue.

106. Defendants deny the allegations of Paragraph 106 of Plaintiffs' Amended Complaint as untrue.

107. Defendants deny the allegations of Paragraph 107 of Plaintiffs' Amended Complaint as untrue.

108. Defendants deny the allegations of Paragraph 108 of Plaintiffs' Amended Complaint as untrue.

109. Defendants deny the allegations of Paragraph 109 of Plaintiffs' Amended Complaint as untrue.

**COUNT V**
**RACIAL DISCRIMINATION**
**ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101** *et. seq.*

110. Defendants hereby adopt and incorporate by reference their answers to Paragraphs 1 through 109 above as though fully set forth herein.

111. Upon information and belief, Defendants admit the allegations of Paragraph 111 of Plaintiffs' Amended Complaint.

112. Upon information and belief, Defendants admit the allegations of Paragraph 112 of Plaintiffs' Amended Complaint.

113. Defendants deny the allegations of Paragraph 113 of Plaintiffs' Amended Complaint as untrue.

114. Defendants deny the allegations of Paragraph 114 of Plaintiffs' Amended Complaint as untrue.

115. Defendants deny the allegations of Paragraph 115 of Plaintiffs' Amended Complaint as untrue.

116. Defendants deny the allegations of Paragraph 116 of Plaintiffs' Amended Complaint as untrue.

117. Defendants deny the allegations of Paragraph 117 of Plaintiffs' Amended Complaint as untrue.

118. Defendants deny the allegations of Paragraph 118 of Plaintiffs' Amended Complaint as untrue.

## **REQUEST FOR RELIEF**

WHEREFORE, Defendants, Detroit Club Management Corp., d/b/a The Detroit Club, Suzette Daye and Lynn Uralli request that this Court enter a judgment of no cause of action in its favor, together with an aware of its costs and attorney fees in this matter and whatever other relief the Court deems equitable and just.

## **DEFENSES-SPECIAL/AFFIRMATIVE**

Defendants, Detroit Club Management Corp., d/b/a The Detroit Club (the "Club"), Suzette Daye ("Ms. Daye") and Lynn Uralli (Ms. Uralli")(collectively, "Defendants"), through their attorneys, Gordon Rees Scully Mansukhani, submit the following Affirmative Defenses to Plaintiffs' Amended Complaint, stating as follows:

1. Plaintiffs have failed to state a claim upon which relief may be granted and Defendants are entitled to dismissal of all of the claims against them.

2. Plaintiffs' claims are subject to Arbitration Agreements such that this Court does not have jurisdiction over their claims and they should be dismissed.

3. This Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims as they are duplicative in nature and a state court is the proper venue for any such claim.

4. Plaintiffs cannot establish a prima facie case of racial discrimination, hostile work environment or retaliation such that their claims fail as a matter of law.

5. Plaintiffs' claims are barred because Plaintiffs' employment was discontinued or altered for legitimate business reasons unrelated to any alleged protected status or protected activity by any Plaintiff or any alleged discrimination, harassment, or retaliation.

6. Plaintiffs' claims must be dismissed or are otherwise barred by the doctrines of waiver, release, laches, estoppel, implied and/or express consent, implied and/or express statutory authority and/or privilege.

7. At no time did the Defendants take or engage in any action of a discriminatory or retaliatory nature with regard to Plaintiffs' alleged race or any other protected characteristic.

8. Plaintiffs' claims are barred because the Defendants did not engage in the alleged discrimination, harassment, or retaliation set forth in the Amended Complaint, but even if the allegations were accepted as true, Defendants would have taken the same employment actions for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

9. Plaintiffs were not treated disparately or differently from other similarly situated employees.

10. Plaintiffs have suffered no harm as a direct or proximate result of the employment acts alleged in their Amended Complaint.

11. Plaintiffs have no direct or indirect evidence of discrimination.

12. Plaintiffs did not engage any alleged protected activities.

13. Defendants were unaware of any alleged protected activity of each or all of the Plaintiffs.

14. There is no causal connection between Plaintiffs' alleged protected activities and the alleged retaliatory actions.

15. Plaintiffs cannot establish a causal connection to support any of their claims.

16. Plaintiffs have failed to mitigate their alleged damages.

17. Plaintiffs' claims are barred to the extent each has failed to satisfy the jurisdictional and/or statutory prerequisites for each of their causes of action or exhaust the appropriate administrative remedies and/or comply with the appropriate statutes of limitations period.

18. Plaintiffs' claims are barred by unclean hands.

19. Plaintiffs were not subject to any adverse employment action because of their race or other protected characteristic or in retaliation for any exercise of their rights under the law.

20. Plaintiffs have failed to act in accordance with the laws under which they claim relief, prohibiting their right to recover.

21. Plaintiffs' claims may be barred or limited by discovery of after-acquired evidence which would have resulted in and/or further supported the employment actions of which they complain.

22. All employment actions of which Plaintiffs complain were based upon legitimate business reasons, which do not give rise to an inference of unlawful action due to harassment, discrimination and/or retaliation.

23. Plaintiffs cannot establish that Defendants legitimate non-discriminatory and non-retaliatory reasons for the subject employment actions were pretextual in nature.

24. Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm' otherwise.

25. Defendants are entitled to an offset of any damages awarded to any Plaintiff.

26. Plaintiffs' claims are barred, in whole or in part, by Defendants' honest belief and business judgment.

27. Defendants complied with all applicable laws, including 42 U.S.C. §1981, the ELCRA and any and all other applicable statutes, laws, or other standards.

28. Defendants reserve the right and intend to assert counterclaims against each of the Plaintiffs for their false, defamatory and unsupportable allegations and seek damages for the same.

29. Plaintiffs' request for punitive or exemplary damages is not supported by the facts and law applicable to this case, and notice is hereby given of Defendants' intent to seek actual, reasonable attorney fees in defense of Plaintiffs' frivolous claims pursuant to federal and state law, including but not limited to 42 U.S.C. § 1988, Fed. R. Civ. P. 11, M.C.L. § 600.2591 and any other applicable law providing similar relief.

30. Defendant reserves the right to amend these affirmative defenses as additional information becomes known.

**RELIANCE ON JURY DEMAND**

Defendants, Detroit Club Management Corp., d/b/a The Detroit Club (the "Club"), Suzette Daye ("Ms. Daye") and Lynn Uralli (Ms. Uralli")(collectively, "Defendants"), through their attorneys, Gordon Rees Scully Mansukhani, hereby rely upon the jury demand filed by Plaintiffs herein.

**RESERVATION OF RIGHTS**

Defendants hereby reserve the right to amend, change, modify or add to the responses and defenses asserted herein based upon information disclosed or discovered as it becomes known through further investigation and the discovery process.

Respectfully submitted,

/s/ Matthew T. Wise
Gordon, Rees, Scully Mansukhani
Attorneys for Defendants
37000 Woodward Avenue, Suite 225
Bloomfield Hills, MI 48304
(313) 426-9815 | Fax: (313) 406-7373
P76794

Dated: August 25, 2022

# **CERTIFICATE OF SERVICE**

I hereby certify that on **August 25, 2022**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List:

Jack W. Schulz
jackwschulz@gmail.com

I hereby certify that I have mailed the foregoing document or paper via the U.S. Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List:  N/A

/s/ Matthew T. Wise
Gordon, Rees, Scully Mansukhani
Attorneys for Defendants
37000 Woodward Avenue, Suite 225
Bloomfield Hills, MI 48304
(313) 426-9815 | Fax: (313) 406-7373
P76794