UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA VICTORIA BAUGH,
CHARLES LISÉE, and
MIYA SHANI HOOKS,

               Plaintiffs,                         Case No. 22-cv-11427
                                                     Honorable Linda V. Parker

v.

DETROIT CLUB MANAGEMENT
COMPANY, SUZETTE DAYE, and
LYNN URALLI,

               Defendants.
_____/

## <u>OPINION AND ORDER</u>

On June 11, 2026, a jury trial in this matter will begin on discrimination and retaliation claims brought by Plaintiffs Maria Victoria Baugh (née Ferrer) and Miya Hooks against Defendants Detroit Club Management, which does business as The Detroit Club ("Detroit Club"), its Owner and President Lynn Uralli, and its former front office manager Suzette Daye. The Court previously granted summary judgment to Plaintiff Charles Lisée on his retaliation claims against Detroit Club and Uralli, as to liability only. His claim for damages also will be tried. Before the Court are several motions in limine filed by the parties.

**Standard of Review**

District courts have broad discretion over matters involving the admissibility of evidence at trial.  *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court."  *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  A court may therefore alter its ruling during trial.  *See Luce*, 469 U.S. at 41-42.  Motions in limine may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose."  *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

The Federal Rules of Evidence preclude the admissibility of "[i]rrelevant evidence[.]"  Fed. R. Evid. 402.  "The rules regarding relevancy, however, are quite liberal."  *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998).  Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."  Fed. R. Evid. 401

2

(emphasis added).  The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'"  *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Evidence is inadmissible if there is a danger of *unfair* prejudice, not mere prejudice.  *See Robinson*, 149 F.3d at 514-15 (citing Fed. R. Evid. 403).  "Virtually all evidence is prejudicial or it isn't material."  *Id*. at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

### (1)  Plaintiffs' Motion in Limine to Exclude the Criminal History of Witnesses and Plaintiffs' Employment History Before the Detroit Club (ECF No. 81)[1]

Plaintiffs seek to preclude Defendants from introducing evidence of any criminal conviction of Plaintiffs or their witnesses and evidence related to

---

[1] In this motion, Plaintiffs also sought to preclude Defendants from introducing evidence related to the hours and total shifts they worked at the Detroit Club.

Plaintiffs' employment history before working at the Detroit Club. The motion is

fully briefed. (ECF Nos. 81, 91, 98.)

The Federal Rules of Evidence allow for the admission of a witness's prior

conviction(s) for impeachment purposes, with limitations:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

Federal Rule of Civil Procedure 609. However, the rule limits the use of evidence

related to a conviction where "more than 10 years have passed since the witness's

conviction or release from confinement for it, whichever is later." Fed. R. Evid.

609(b). Then, the evidence "is admissible only if: (1) its probative value,

---

Plaintiffs withdrew their request in their reply brief, however, reserving the right to challenge the relevancy of this evidence at trial.

supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." *Id.*

It appears from the parties' proposed final pretrial order that the only witness they seek to impeach with evidence of a prior conviction is Kody Hooks. This Court has no information about the criminal conviction(s) at issue to assess its admissibility under Rule 609. Before Defendants may offer such evidence, however, they need to inform the Court of information adequate to assess its admissibility. Such evidence shall not be offered to the jury until the Court rules on whether it may be introduced.

Nor may Defendants attempt to impeach Hooks with his deposition testimony in response to questions related to prior criminal convictions. If the Court rules that evidence of a conviction is inadmissible, Defendants may not use Hooks' testimony to circumvent that ruling. Finally, the Court is deeply concerned by Plaintiffs' assertion that Defendants ran criminal background checks for Hooks, Plaintiffs, and others potential witnesses for Plaintiffs through real estate software which restricts such use "for real estate/financial/brokerage purposes only" and possibly in violation of federal and state law. (*See* ECF No. 81-1.) If that is the

case, the Court may preclude Defendants from using the information on that basis, alone.

The Court also lacks sufficient information to address at this time the admissibility of evidence concerning Plaintiffs' employment prior to working at the Detroit Club.  To some extent, Plaintiffs' employment history may be relevant to the extent Plaintiffs seek damages for "loss of career opportunities" or damage to their "professional reputation."  But without knowing the specific evidence Defendants will offer, the Court cannot properly assess its relevance or whether it should otherwise be excluded pursuant to Federal Rule of Evidence 403.

For these reasons, the Court is denying Plaintiffs' motion (ECF No. 81) without prejudice.

### (2)  Plaintiffs' Motion to Exclude Evidence of the Detroit Club's Lawsuit Against Matthew Laurinec (ECF No. 82)

During discovery in this matter, Defendants failed to produce documents that were responsive to Plaintiffs' document requests.  Plaintiffs learned about the documents after their attorney received an anonymous email from a former Detroit Club employee.  This individual turned out to be Matthew Laurinec.  During his employment, Laurinec obtained documents from Detroit Club computers, which he subsequently gave to Plaintiffs' counsel.  As a result of Defendants' failure to produce these documents, Plaintiffs sought sanctions pursuant to Federal Rule of

Civil Procedure 37.  In an opinion and order filed on October 31, 2024, this Court found Defendants' conduct to be willful and imposed sanctions.  (ECF No. 62.)

About a month later, Detroit Club filed a lawsuit against Laurinec in state court, alleging that he accessed the documents by violating federal law.  Laurinec thereafter removed the complaint to federal court, where it remains pending before the Honorable Matthew F. Leitman.  *See* Notice of Removal, *Detroit Club Mgmt. Corp. v. Laurinec*, No. 25-cv-10236 (E.D. Mich. Jan. 24, 2025).  Plaintiffs move to preclude Defendants from introducing evidence related to the lawsuit.  The motion is fully briefed.  (ECF Nos. 82, 95, 100.)

The Court is precluding Defendants from offering evidence concerning Laurinec's alleged misconduct and the separate lawsuit.  Laurinec is not listed as a possible witness in this matter.  The Court already ruled that the documents were improperly withheld from Plaintiffs during discovery, and it refuses to litigate here, and especially during trial, whether they were unlawfully obtained.  At this stage, it is the documents that are relevant, not how they were acquired.  Whether Laurinec violated the law in obtaining the documents will be litigated before Judge Leitman. Doing so before the jury in the present matter will cause undue delay, waste time, and confuse the jury.

For these reasons, the Court is granting Plaintiffs' motion to exclude this evidence (ECF No. 82).

**(3)  Plaintiffs' Motion to Exclude Uralli's Testimony Concerning Perceived Mental Health Issues of Third-Party Witnesses and Conspiracies (ECF No. 83)**

When she was deposed in this matter, Uralli contended that certain individuals suffered from emotional and/or mental health issues, accused individuals of being alcoholics, and claimed that individuals saying she is a racist are part of a conspiracy orchestrated by Plaintiffs.  Plaintiffs now move to exclude such testimony at trial.  The motion is fully briefed.  (ECF Nos. 83, 89, 99.)

In their motion, Plaintiffs argue that, as a lay person lacking any mental health or related training, Uralli is not qualified to opine on anyone's mental health.  Plaintiffs contend there is no evidence to support Uralli's conspiracy accusations, and that such testimony amounts to impermissible legal conclusions.  Defendants argue in response that Uralli should be able to testify about her first-hand observations of and experiences with these witnesses.  The trier of fact, Defendants argue, must determine whether there is a conspiracy by Plaintiffs.  Defendants maintain that Plaintiffs' motion is a red herring, as "Defendants and their counsel have no reason to believe that this trial will be conducted with anything but professionalism, civility, and zealous advocacy on their side."  (ECF No. 89 at PageID.12400.)

The Court is less confident than Defendants about the chances of uncivil behavior at trial given the acrimony and mudslinging that has pervaded this case so

far.  It warns the parties and their counsel that it will not tolerate name calling or slanderous accusations by any party, witness, or attorney during the trial.

Nevertheless, the Court agrees with Defendants that it cannot issue a blanket order precluding Uralli from testifying about her observations and opinions concerning Plaintiffs and their witnesses.  Lay opinion testimony on a specific mental health diagnosis may not be admissible without proper expert support, but lay witnesses may testify regarding their personal observations of injuries or symptoms that are within the realm of common knowledge related to an individual's emotional and mental health.  *See* Fed. R. Evid. 701 (permitting non-expert testimony in the form of an opinion that is "rationally based on the witness's perception"); *see also Wilson v. CoreCivic, Inc.*, No. 4:22CV1811, 2024 WL 4363210, at *10 (N.D. Ohio Sept. 30, 2024) (citing *Fakhoury v. O'Reilly*, No. 16-13323, 2022 WL 909347, at *10 (E.D. Mich. Mar. 28, 2022); *Kovacic v. Ponstingle*, No. 1:05CV2746, 2014 WL 4715859, *4 (N.D. Ohio Sept. 22, 2014)).  There is no claim of conspiracy against Plaintiffs, and so any testimony by Uralli accusing them of engaging in a conspiracy does not address a legal issue reserved for the jury.  However, to the extent Uralli is simply maligning witnesses without any basis to support her emotional or mental health "diagnosis" or her charge of conspiracy, the probative value of such testimony is outweighed by the danger of unfair prejudice.

At this stage, however, the Court must deny Plaintiffs' motion (ECF No. 83) without prejudice.

### (4)  Plaintiffs' Motion to Exclude Testimony, Evidence, Questions, or Argument Attacking Plaintiffs' Counsel (ECF No. 84)

Plaintiffs seek to preclude Defendants and their counsel from personally attacking Plaintiffs' counsel at trial, including accusing counsel of engaging in malfeasance and improper activity.  In response, Defendants repeat their expectation that all counsel and the parties will behave civilly at trial.  The Court expects the same.  However, it also holds that any testimony, evidence, questions, or arguments to personally attack Plaintiffs' counsel—or counsel for Defendants for that matter—is improper and should not be allowed.  The Court is, therefore, granting Plaintiffs' motion (ECF No. 84).

### (5)  Defendants' Motion to Preclude Plaintiffs' from Offering Opinion Testimony as to Uralli's Alleged Motivation, Bias, and Prejudice Concerning African American Individuals (ECF No. 86)

Defendants seek to preclude Plaintiffs "from presenting lay opinion testimony at the time of trial regarding Defendant Uralli's alleged bias, motivation, and prejudice toward African Americans."  The Court is perplexed by Defendants' motion given that Plaintiffs' whole case is about a hostile environment that allegedly existed at the Detroit Club based on race, significantly due to Uralli's conduct, and the retaliation Plaintiffs allegedly experienced for complaining about that racism.  Plaintiffs certainly can testify about their perceptions and observations

10

concerning racism towards African-American employees and patrons at the Detroit Club.

The Court is denying Defendants' motion (ECF No. 86).

**(6)  Defendants' Motion to Preclude Plaintiffs' Disclosure of the Court's Summary Judgment Decision (ECF No. 87)**

Defendants seek to exclude any evidence of this Court's findings and conclusions in its August 27, 2025 decision, granting summary judgment to Lisée on his retaliation claims against the Detroit Club and Uralli.  Defendants argue that this information is irrelevant and prejudicial.  Plaintiffs respond, contending that evidence of retaliation against Lisée is relevant and the Court's liability finding must be conveyed to the jury to enable it to assess his damages.  (ECF No. 93.)

Relying on Federal Rule of Evidence 403, trial courts generally exclude from trial any evidence of summary judgment decisions, finding a risk that the jury will misinterpret the significance of those rulings.  *See, e.g., Hawkins v. Maury Cnty. Bd. of Educ.*, No. 1:12-cv-0184, 2019 WL 13260543, at *2 (M.D. Tenn. Mar. 21, 2019) (granting the defendant's motion in limine to preclude evidence of the court's summary judgment decision); *Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 WL 4934628, at *11 (E.D. Mich. Aug. 18, 2015) (granting motion in limine to exclude reference to court's previous summary judgment order); *Evans v. Cernics, Inc.*, No. 3:14-cv-125, 2017 WL 4863207, at *1 (W.D. Pa. Oct. 26, 2017) (granting motion in limine to exclude evidence about

11

summary judgment ruling and noting that a jury presented with evidence about a ruling on summary judgment might infer that, because the court held that a reasonable jury could find for the non-moving party, the jury should find for the non-moving party at trial); *GPNE Corp. v. Apple Inc.*, 108 F. Supp. 3d 839, 855 (N.D. Cal. 2015), *aff'd* 830 F.3d 1365 (Fed. Cir. 2016) (noting that potential misconstruction of a summary judgment ruling is "exactly why courts typically exclude reference to prior orders under Federal Rule of Evidence 403 as presenting a substantial risk of jury confusion and unfair prejudice"); *S.E.C. v. Retail Pro, Inc.*, No. 08CV1620, 2011 WL 589828, at *4 (S.D. Cal. Feb. 10, 2011) ("[T]he Court's summary judgment Order presents a substantial risk of jury confusion and unfair prejudice to Defendant."); *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, No. CV 0-0571, 2012 WL 8134012, at *15 (C.D. Cal. Apr. 27, 2012) ("Generally, a court's findings on a motion for summary judgment can be excluded if they present a risk of jury confusion and unfair prejudice.")  This case is distinguishable, however.  Here, the Court's conclusion on summary judgment that the Detroit Club and/or Uralli retaliated against Lisée for his complaints about racism is relevant and not unduly prejudicial.[2]

---

[2] The conclusion should be presented to the jury without revealing that it was the Court's decision on summary judgment.  A stipulation, for purposes of the trial only, could be provided to the jury.  Alternatively, the jury could be instructed that it already has been determined that the Detroit Club and Uralli retaliated against Lisée, without indicating who or how that determination was made.

Pursuant to the Federal Rules of Evidence, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."  Fed. R. Evid. 404(a). Further, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, such evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Defendants' intent or motive for terminating Hooks and Baugh is a key issue for trial with respect to their retaliation claims.  Evidence that Defendants retaliated against other employees—i.e., Lisée—for complaining about racism at the Detroit Club is, therefore, relevant.  *see Gaspar v. Dicks*, No. 08-cv-13707, 2011 WL 5975061, at *2 (E.D. Mich. Nov. 29, 2011) (concluding that evidence that the defendant discipled other employees for engaging in protected conduct is "highly probative in establishing [the decisionmaker's] motive in terminating [the p]laintiff").  Such evidence will not expose Defendants to unfair prejudice. "Evidence that undermines one's defense by virtue of its 'legitimate probative force' does not unfairly prejudice the defendant."  *Id.* (quoting *United States v.*

*Holden*, 557 F.3d 698, 705 (6th Cir. 2009) (quoting *United States v. Schrock*, 855 F.2d 327, 334 (6th Cir. 1988))).

The introduction of this evidence should not become a retrial on Lisée's claims. Nor should it occupy much time. *See* n.2. However, Lisée will be allowed to present some evidence relevant to liability to assist the jury in assessing his damages. At the final pretrial conference, the parties should be prepared to discuss parameters for the evidence.

For the reasons discussed, Defendants' motion (ECF No. 87) is denied.

### (7) Defendants' Motion to Preclude Plaintiffs' from Disclosing the Court's Sanctions Decision and the Issuance of Sanctions (ECF No. 88)

Defendants seek to preclude Plaintiffs from disclosing to the jury that the Court sanctioned Defendants earlier in the litigation for withholding the documents Plaintiffs subsequently obtained through Laurinec. Defendants maintain that this information is not relevant and is unfairly prejudicial. Plaintiffs respond that the information is relevant as to the credibility of Uralli and other witnesses, such as Michael D'Agnese, who Defendants tasked with assembling documents in response to Plaintiffs' discovery requests. (ECF No. 94.) Plaintiffs maintain that the withholding of the documents undermines Uralli's truthfulness.

The Court is granting Defendants' motion. The Court's sanctions decision and Defendants' failure to produce all documents relevant to Plaintiffs' discovery requests are not relevant to the issues at trial. They are not probative of Uralli's or

14

another witness's credibility or at least are so marginally relevant that a side show about Defendants' failure to produce the documents and how they were discovered is a waste of time and potentially confusing or misleading for the jury.

## Conclusion

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motions to (a) exclude evidence of their prior employment history and any prior conviction of Plaintiffs or their witnesses (ECF No. 81) and (b) Uralli's testimony regarding the emotional and mental health of individuals and a conspiracy between Plaintiffs (ECF No. 83).  The Court **GRANTS** Plaintiffs' motions to (a) exclude information concerning the Detroit Club's lawsuit against Laurinec (ECF No. 82) and (b) preclude personal attacks on their counsel (ECF No. 84).  The Court also **GRANTS** Defendants' motion to preclude Plaintiffs' from offering information concerning the Court's sanctions or sanctions decision.  (ECF No. 88.)  The Court **DENIES** Defendants' motions to exclude evidence of (a) Uralli's perceived racism (ECF No. 86) and (b) the Court's findings and conclusions on summary judgment as to Lisée's retaliation claims against the Detroit Club and Uralli (ECF No. 87).

        **SO ORDERED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

 Dated: April 8, 2026

15